This is the appeal of the grant of the petition for rescission of statutory summary suspension. The facts are not in defiance of the statute. It's an undisputed dispute. Officer Donovan saw the defendant driving a car that committed two traffic violations. He stopped her and he noticed at that point that she had a strong odor of alcohol about her and that her eyes were red and glassy and that she had slurred speech. It's undisputed that she refused to take a breathalyzer exam when asked to. And it's also undisputed that when she was asked for consent to take this test, 20 minutes had not passed. And that's the basis for rescission, that it was error for the officer to ask for consent prior to a 20-minute observation period. The court agreed with the defendant's argument and granted rescission. The issue is basically one of statutory administrative code interpretation or construction. And the issue is does the administrative code require a 20-minute observation period before an officer can ask for consent? And, you know, looking at the plain language of the code, it clearly does not. If you look at the code, part of the code cited in People's Brief under Section 1286.300, the arresting officer has the discretion to determine whether a subject will be required to submit to a breath test. So he clearly had the discretion to ask her to do this. And under that same section, the arresting officer shall deem a subject who fails to submit to a requested test to have refused testing. Now that's one of the grounds for statutory summary suspension is just the bare refusal to take the test. Clearly in this section, there's nothing in there that says the officer must wait 20 minutes to ask for consent. It's just not there. Now, a test that is performed is required to be performed in accordance with the standards set by the Illinois Department, I mean the Department of Illinois State Police. And that is promulgated under Section 1286.310. And it says prior to obtaining a breath analysis reading from a subject, there must be a prior 20-minute observation period. In other words, if she had said, yes, I'll take it, then he would have said, okay, sit here for 20 minutes, and he would have complied with it. So there's nothing in the code itself that requires a 20-minute waiting period before an officer can ask for consent to take a test. There is something that requires a 20-minute observation period prior to actually taking the sample, the breath sample. I think the court below got confused on this issue. Then also, as discussed in the brief, there's a Bonner case from Fourth District which says that a defendant can't, as a valid basis for refusing to consent to a test, say, well, the test you're going to give me is invalid because it's not going to comply with the code. The potential invalidity of a test itself is not a basis for not consenting, and they can't raise that as an excuse for not consenting to the test. So clearly, the code itself doesn't require, the court was erroneous in making this ruling, and this should be remanded, and her summary suspension should be reinstated. Is there any questions? Thank you. Okay, we'll be recessed until 9 a.m. tomorrow.